15 CV 1590

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANEL HOLCOMBE,          )
    Plaintiff,          )    CIVIL ACTION NO.
v.          )
HERMAN KAY COMPANY          )
LTD.          )    JURY TRIAL DEMANDED
    Defendant.          )

**RECEIVED MAR 0 4 2015 JUDGE NATHAN U.S.D.C. S.D.N.Y.**

JUDGE NATHAN

## COMPLAINT

COMES NOW Plaintiff Chanel Holcombe and files this Complaint against the above-named Defendant on the following grounds:

### JURISDICTION AND VENUE

1.

Plaintiff brings this civil action against Defendant, her former employer, for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended (hereinafter "Title VII), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et seq.*, as amended (hereinafter "Section 1981).

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as the claims stated herein present a federal question.

3.

Plaintiff is a citizen of the United States, a resident of the State of New York, lives in New York County (Manhattan) at 467 West 143rd Street, Apt. 2, New York, NY 10031, and submits to the personal jurisdiction of the Court.

4.

Defendant's principal place of business is located at 463 7th Avenue, New York, NY 10018 in New York County (Manhattan).

5.

The Southern District of New York has personal jurisdiction over Defendant, because Defendant is registered to conduct business in the State of New York with and is engaged in business within the State and this District.

6.

Venue is proper in this district and division, pursuant to 28 U.S.C. § 1391(b), because Defendant resides within this district and all actions alleged herein occurred within the Manhattan Division of the Southern District of New York.

7.

At all relevant times, Defendant was an "employer" within the meaning of Title VII with no fewer than 15 employees.

**FACTS**

8.

Plaintiff is an African-American female.

9.

Defendant is a fashion manufacturer of outwear for men and women.  Defendant markets its products under brand names such as Michael Kors, Jones New York, Anne Klein, and JLO. Defendant sells its outwear directly to retail stores such as Kohl's and other national department stores.

10.

In 2011, Plaintiff began working for Defendant as a Receptionist.

11.

As a Receptionist, Plaintiff worked at the front desk and conduct purely administrative tasks.

12.

Plaintiff voluntarily resigned after approximately one year from the Receptionist position, because she wanted to use her college degree to advance her career in fashion beyond administrative work.

13.

In April 2013, Plaintiff became aware that Defendant had an open position for a Sales Coordinator and decided to apply. Plaintiff was offered the position and left another reputable fashion company to return to Defendant's employ.

14.

As a Sales Coordinator, Plaintiff processed sales orders from specialty stores and would interface directly with fashion buyers in the showroom.

15.

At the time, Plaintiff was only one of two African-American employees of Defendant's more than one hundred employees.

16.

The other African-American employee works in the design department and had no client interaction.

17.

Often, Plaintiff was the only African-American person – whether a buyer, client, or employee – in the showroom.

18.

Plaintiff never had any performance issues brought to her attention during her employment.

19.

After approximately nine months of working as a Sales Coordinator, Defendant's CFO, Larry Peltz, called her into his office and told her she "did not fit the 'look'" of the company and they were "going in a different direction."

20.

Mr. Peltz confirmed in that meeting that her termination did not have anything to do with her performance.

21.

Upon information and belief, Mr. Peltz was the exclusive and only decision-maker with respect to Plaintiff's termination.

22.

Mr. Peltz did not consult Plaintiff's direct supervisor prior to terminating her.

23.

Mr. Peltz does not observe or supervise Plaintiff's work, and he rarely interacted with Plaintiff other than mere greetings.

24.

Within a week, Plaintiff was replaced by a Caucasian employee.

25.

After Plaintiff was replaced, there were a total of three Sales Coordinators for Defendant, each of whom were Caucasian with blonde hair and blue eyes.

## Title VII Claim

26.

Plaintiff incorporates by reference the preceding paragraphs.

27.

Plaintiff was discriminated against on the basis of her race in violation of Title VII.

28.

Plaintiff suffered adverse employment actions, including but not limited to, involuntary termination as a direct and proximate cause of Defendant's discrimination.

29.

Plaintiff suffered economic damages and emotional distress as a result of Defendant's violation of Title VII.

30.

Plaintiff exhausted her administrative remedies under Title VII by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on March 17, 2014. (*See* Exhibit 1.)

31.

Plaintiff received a Notice of Right to Sue from the EEOC which was dated December 5, 2014.  (*See* Exhibit 2.)

32.

Plaintiff has filed this lawsuit within 90 days of receiving the right to sue letter.

### Section 1981 Claims

33.

Plaintiff incorporates by reference the preceding paragraphs.

34.

Plaintiff was discriminated against on the basis of her race in violation of Section 1981.

35.

Plaintiff suffered adverse employment actions, including but not limited to, involuntary termination, as a direct and proximate cause of Defendant's discrimination.

36.

Plaintiff suffered economic damages and emotional distress as a result of Defendant's violation of Section 1981.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

a.    That the Court grant Plaintiff lost wages, lost benefits, and other pecuniary loss;

b.    That the Court grant Plaintiff compensatory damages for the pain and suffering, humiliation, and emotional distress Defendant caused and continues to cause Plaintiff by Defendant's illegal conduct;

c.    That the Court grant Plaintiff punitive damages based on Defendant's intentional, malicious, and recklessly indifferent violations of Plaintiff's federally protected rights;

d.    That the Court grant Plaintiff expenses of litigation, including reasonable attorney's fees and the costs of bringing this action;

e.    That the Court grant Plaintiff a trial by a jury of her peers;

f.      That the Court grant permanent injunctive relief prohibiting Defendant from engaging

        in further discriminatory conduct; and

g.      That the Court grant any and all other relief the Court deems just and proper.

Respectfully submitted, this 4th day of March, 2015.

                        ATTORNEYS FOR PLAINTIFF

                        Joshua Parkhurst
                        LAW OFFICE OF JOSHUA PARKHURST
                        11 Broadway, Suite 615
                        New York, New York 10004
                        (201) 577-2644 (Phone)
                        (212) 480-8560
                        jparkhurst@parkhurstlawfirm.com

                        Porsche D. Léonce (*pro hace vice* pending)
                        Georgia Bar No. 117089
                        LÉONCE LAW LLC
                        2727 Paces Ferry Road SE,
                        Suite 1-225
                        Atlanta, Georgia 30339
                        (770) 212-2377 (Phone)
                        (770) 805-8050 (Fax)
                        pdl@leoncelaw.com

# EXHIBIT 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | 520-2014-01586 |

| | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr. Ms. Mrs.)<br>**Chanel Holcombe** | Home Phone (Incl. Area Code)<br>(917)957-0218 | Date of Birth<br>11/27/1987 |
|---|---|---|

Street Address: 467 West 143rd #2, New York, NY 10031 — City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**Herman Kay Company, Inc.** | No. Employees, Members<br>Approx. 75 | Phone No. (Include Area Code)<br>(212) 239-2025 |
|---|---|---|

Street Address: 463 7th Avenue, New York, New York 10018 — City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

_X_ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN

__ RETALIATION __ AGE __ DISABILITY __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest / Latest: **January 31, 2014**
__ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I was terminated on January 31, 2014 by Herman Kay, where I worked as a Sales Coordinator. I believe my termination was because of my race (African-American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. The only reason given for my termination was that the CFO of the Company was looking for a "different type of person" for the position. I was immediately replaced by a Caucasian woman. Moreover, during my employment, I was treated less favorably than similarly-situated Caucasian employees. For example, I was denied a performance bonus despite a favorable recommendation for a bonus by my supervisor, while other Caucasian Sales Coordinators, who had similar or worse performance than I, received a bonus.

Significantly, Herman Kay is owned and managed exclusively by Caucasians, and its employees and clients are almost exclusively Caucasian, by discriminatory design and intention of the Company. I believe Herman Kay has a pattern and practice of discriminating against African-Americans by denying employment opportunities, promotions, resources to improve performance, and engaging in discriminatory discipline (including termination).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 3-11-14 — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

NICHOL KING, Notary Public, State of New York, Qualified in New York County, No. 01KI6074931, Commission Expires 08-31-2014

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 3/11/14

RECEIVED MAR 17 2014 EEOC-NYDO-ADMIN

# EXHIBIT 2

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Chanel Holcombe**<br>**467 West 143rd Street**<br>**Apt. #2**<br>**New York, NY 10031** | From: | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2014-01586** | **Charles K. Diamond,**<br>**Investigator** | **(212) 336-3771** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the **paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Berry,*
**Kevin J. Berry,**
**District Director**

12/5/14
*(Date Mailed)*

Enclosures(s)

cc:  **Director of Human Resources**
**HERMAN KAY COMPANY, INC.**
**463 7th Avenue**
**New York, NY 10018**

Porsche D. Leonce
LEONCE LAW, LLC
201 17th Street NW, Suite 300
Atlanta, GA 30363

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --**  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --**  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --**  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --**  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***